1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GEORGE SPITTAL,                    No.  CIV.S-05-0749 FCD DAD PS

12            Plaintiff,

13       v.                             <u>FINDINGS AND RECOMMENDATIONS</u>

14   WILLIAM B. SHUBB, et al.,

15            Defendants.

16   _____/

17            This matter is before the court on the following: (1)

18   Motions to dismiss plaintiff's amended complaint pursuant to Federal

19   Rule of Civil Procedure 12(b)(6) and for an order declaring plaintiff

20   George Walker Spittal a vexatious litigant (Doc. nos. 6 & 23) filed

21   on behalf of defendants M. Magdalena Carrillo Mejia, Preston Lewis,

22   Gloria Nogales-Talley and Ramona Bishop;[1] (2) The motion to dismiss

23   pursuant to Rule 12(b)(6) filed on behalf of defendant United States

24   District Judge William B. Shubb (Doc. no. 11); (3) The motion to

25   _____

26        [1] Plaintiff erroneously sued these defendants as M. Magdalena
     Carrilla Mejia, Lewis Preston, Gloria Talley and Rawanda Bishop.

                                    1

1  dismiss pursuant to Rule 12(b)(6) filed on behalf of defendant United

2  States Magistrate Judge Peter A. Nowinski (Doc. no. 14); (4)

3  Plaintiff's motion for summary judgment (Doc. no. 10); and (5)

4  Plaintiff's motion re contempt (Doc. no. 29).  Having considered all

5  written materials submitted in connection with the motions, for the

6  reasons explained below, the undersigned will recommend that

7  defendants' motions to dismiss be granted, defendants' vexatious

8  litigant motion be denied and plaintiff's motions be denied.  The

9  undersigned will further recommend that plaintiff's amended complaint

10 be dismissed with prejudice and this action be closed.[2]

11     **I.  Motions to Dismiss**

12         **A.  Applicable Legal Standards**

13         A complaint, or portion thereof, should only be dismissed

14 pursuant to Rule 12(b)(6) for failure to state a claim upon which

15 relief can be granted if it appears beyond doubt that the plaintiff

16 can prove no set of facts in support of the claim or claims that

17 would entitle him to relief.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69,

18

19     [2] At the time defendants filed their motions to dismiss the
   operative pleading in this case was plaintiff's original complaint.
20 While those motions were under submission, plaintiff, who is
   proceeding pro se, filed an amended complaint, which he was entitled
21 to do.  <u>See</u> Fed. R. Civ. P. 15(a).  While in some instances the
   filing of an amended pleading moots a motion to dismiss, such is not
22 the case here.  As explained below, plaintiff's amended complaint
   does not cure the deficiencies detailed in defendants' motions.
23 Therefore, the undersigned has considered defendants' motions to
   dismiss as directed at plaintiff's amended complaint.  <u>See</u> Schwarzer,
24 Tashima and Wagstaffe, <u>Federal Procedure Before Trial</u>, ¶ 9:262 (The
   Rutter Group 2004)("An amended complaint supersedes the prior
25 complaint as a pleading.  Thus, the court will usually treat the
   motion to dismiss as mooted.  It may, however, proceed with the
26 motion if the amendment does not cure the defect.").

1  73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41 (1957)); <u>Palmer v.</u>

2  <u>Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).

3  In reviewing a complaint under this standard, the court must accept

4  as true the allegations of the complaint.  <u>Hospital Bldg. Co. v. Rex</u>

5  <u>Hosp. Trustees</u>, 425 U.S. 738, 740 (1976).  Furthermore, the court

6  must construe the pleading in the light most favorable to the

7  plaintiff, and resolve all doubts in the plaintiff's favor.  <u>See</u>

8  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).  In a case where the

9  plaintiff is pro se, the court has an obligation to construe the

10  pleadings liberally.  <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1027 n.1 (9th

11  Cir. 1985) (en banc).  However, the court's liberal interpretation of

12  a pro se complaint may not supply essential elements of a claim that

13  are not pled.  <u>Pena v. Gardner</u>, 976 F.2d 469, 471 (9th Cir. 1992);

14  <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>, 673 F.2d 266, 268 (9th

15  Cir. 1982).

16        **B.  Analysis**

17        This is one of eight actions plaintiff has initiated in

18  this court over the last five years.  (<u>See</u> No. CIV.S-00-1287 WBS PAN

19  PS; No. CIV.S-00-1766 LKK GGH PS; No. CIV.S-01-00036 GEB JFM PS; No.

20  CIV.S-04-1198 GEB DAD PS; No. CIV.S-05-0112 MCE DAD PS; No. CIV.S-05-

21  0749 FCD DAD PS; No. CIV.S-05-1157 MCE KJM PS; No. CIV.S-05-2042 FCD

22  GGH PS.[3])  All of the actions arise out of plaintiff's employment as

23  a substitute teacher with the Sacramento City Unified School District

24

25        [3] A court may take judicial notice of court records.  <u>See</u> <u>MGIC</u>
    <u>Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United</u>

26  <u>States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).  The undersigned
    hereby takes judicial notice of these court files.

("District").  All of the actions also involve allegations that the District and its employees have retaliated against plaintiff for speaking out against District policies regarding classroom management, particularly those policies which plaintiff perceives as being motivated by race, socio-economic factors, or circumstances related to students' behavior.  Some of the actions additionally name as defendants the lawyers who have defended the District and its employees against plaintiff's numerous legal actions as well as the judges who have been assigned tp preside over those actions.  In this regard, plaintiff typically accuses defense counsel and the judges of lying, contempt, conspiracy and the like in connection with the litigation of plaintiff's claims.[4]

/////

---

[4] Such accusations appear to be routine for plaintiff, a former lawyer whom the Supreme Court of Ohio has permanently disbarred from the practice of law in that state.  In 1990, the Supreme Court of Ohio found "the flagrant disrespect that [Mr. Spittal] has demonstrated toward the entire judicial system deserving of the legal profession's most severe sanction."  Akron Bar Ass'n v. Spittal, 51 Ohio St. 3d 121, 122, 554 N.E. 2d 1338, 1339 (1990).  In disbarring plaintiff, the Supreme Court of Ohio relied on evidence presented to a disciplinary panel which

> established that [Mr. Spittal] routinely, and
> without justification, referred to the decisions
> made by federal and Ohio judges as being the
> product of dishonesty, partiality, ignorance, and
> incompetence. The evidence further established
> that [Mr. Spittal] routinely, and without
> justification, accused judges and attorneys alike
> of lying.  Indeed, the record manifests that [Mr.
> Spittal] made these remarks simply because he
> disagreed with a judge's decision or an
> attorney's argument.

51 Ohio St. 3d at 122, 554 N.E. 2d at 1339.

4

1          The crux of the amended complaint in this action is

2   plaintiff's allegation that District employees have retaliated

3   against him (i.e., altered his teaching assignments and criticized

4   him) in response to an earlier lawsuit initiated by plaintiff wherein

5   he accused District employees of managing classrooms in a manner that

6   is racially discriminatory and/or mistreats students with

7   disabilities.  (Am. Compl. at 12-13.)  The amended complaint also

8   alleges retaliation, and a failure to investigate, in connection with

9   more recent statements by plaintiff at work regarding his belief that

10  certain students "have a right not to be around" other students whom

11  plaintiff describes as violent and as subject to arrest for their

12  behavior.  (Am. Compl. at 13.)  The named defendants with respect to

13  these allegations are M. Magdalena Carrillo Mejia, the superintendent

14  of the District; Preston Lewis, a teacher; Gloria Nogales-Talley, a

15  principal; and Ramona Bishop, another principal.  As to defendants

16  William B. Shubb and Peter A. Nowinski, the amended complaint accuses

17  these judges of lying and conspiring with the District defendants in

18  denying plaintiff access to the courts.  Liberally construed, the

19  amended complaint alleges that all of the defendants in some fashion

20  have violated, and conspired to violate, plaintiff's First Amendment

21  right to free speech and his substantive due process rights.  The

22  amended complaint prays for unspecified compensatory and punitive

23  damages.

24          As an initial matter, it must be noted that plaintiff's

25  amended complaint is unfocussed, laced with invectives and replete

26  with conclusory allegations.  It does not contain "a short and plain

5

statement" of a claim showing that plaintiff is entitled to relief.

See Fed. R. Civ. P. 8(a)(2).  This alone warrants dismissal.  See

Jones v. Cmty. Redevelopment Agency, 733 F.2d 646, 649 (9th Cir.

1984).  Nonetheless, even considering the merits of plaintiff's

claims, the undersigned concludes that this entire action should be

dismissed with prejudice as to all named defendants for failure to

state a claim.

          Beginning with defendants Judge Shubb and Judge Nowinski,

it is clear that plaintiff is attempting to sue these judges for

actions taken within the course and scope of their judicial duties in

a previous action initiated by plaintiff in this court, presumably

Spittal v. Sacramento City Unified Sch. Dist., No. CIV.S-00-1287 WBS

PAN PS.  As such, under well-settled authority defendants Judge Shubb

and Judge Nowinski are absolutely immune from suit.  See Mireles v.

Waco, 502 U.S. 9, 9-10 (1991); Stump v. Sparkman, 435 U.S. 349, 355-

56 (1978); Meek v. County of Riverside, 183 F.3d 962, 965-66 (9th

Cir. 1999).  Therefore, the undersigned will recommend that their

motions to dismiss be granted.

          The undersigned also will recommend that the motion to

dismiss brought by defendants Mejia, Lewis, Nogales-Talley and Bishop

because they are entitled to qualified immunity.  Whether a defendant

is entitled to qualified immunity involves a two-step inquiry.

Saucier v. Katz, 533 U.S. 194, 200 (2001).  The first step is to ask

whether the alleged facts, taken in the light most favorable to the

party asserting the injury, show the officer's conduct violated a

constitutional right.  Saucier, 533 U.S. at 201.  If this question is

6

answered in the negative, then "there is no necessity for further inquiries concerning qualified immunity." Id.  If the question is answered in the affirmative, the next step is "to ask whether the right was clearly established." Id.  A constitutional right is clearly established when "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202.  See also Billington v. Smith, 292 F.3d 1177, 1183-84 (9th Cir. 2002).

With respect to plaintiff's attempted First Amendment claim, the alleged facts do not demonstrate that defendants' conduct violated plaintiff's right to free speech.  This is because the allegations of the amended complaint indicate that plaintiff's speech as a public employee regarding the placement and management of students within the District does not amount to speech upon "a matter of public concern." See Connick v. Myers, 461 U.S. 138, 143-46 (1983); Pickering v. Board of Education, 391 U.S. 561, 568 (1968); Ceballos v. Garcetti, 361 F.3d 1168, 1173 (9th Cir. 2004).  Rather, the alleged speech encompassed by the instant amended complaint is simply part of a larger, ongoing internal dispute between plaintiff and the District defendants regarding classroom management within the District.  That dispute amounts to an individual personnel dispute that clearly is "of no relevance to the public's evaluation of the performance of" the District.  See Ceballos, 361 F.3d at 1173.  See also Coszalter v. City of Salem, 320 F.3d 968, 973-74 (9th Cir. 2003) ("[S]peech that deals with 'individual personnel disputes and grievances' and that would be of 'no relevance to the public's

7

1  evaluation of the performance of governmental agencies' is generally

2  not of 'public concern'"). Accordingly, accepting the allegations of

3  the complaint as true, plaintiff's speech did not regard a matter of

4  public concern and defendants did not violate plaintiff's First

5  Amendment rights.

6         Even assuming plaintiff has spoken upon a matter of public

7  concern, as opposed to a matter only of personal interest, the court

8  further finds that the District's interest as an employer in

9  promoting efficiency of the public services it performs through its

10 employees outweighs plaintiff's interest in that speech. See

11 Pickering, 391 U.S. at 568; Gillbrook v. City of Westminster, 177

12 F.3d 839, 867 (9th Cir. 1999). In weighing whether the government's

13 interest in promoting an effective workplace outweighs an employee's

14 First Amendment rights, courts may consider "whether the speech (i)

15 impairs discipline or control by superiors, (ii) disrupts co-worker

16 relations, (iii) erodes a close working relationship premised on

17 personal loyalty and confidentiality, (iv) interferes with the

18 speaker's performance of her or his duties, or (v) obstructs the

19 routine operation of the office. Hyland v. Wonder, 972 F.2d 1129,

20 1139 (9th Cir. 1992). Here, the School District's interest in

21 maintaining discipline and control in its schools, promoting co-

22 worker relations and fostering an educational environment outweighs

23 plaintiff's interest in speaking out against what plaintiff may

24 perceive as the disparate treatment of students. See Goss v. Lopez,

25 419 U.S. 565, 590-91 (1975); Tinker v. Des Moines Independent

26 Community School District, 393 U.S. 503, 507 (1969)("[T]he Court has

8

1  repeatedly emphasized the need for affirming the comprehensive

2  authority of the States and of school officials, consistent with

3  fundamental constitutional safeguards, to prescribe and control

4  conduct in the schools."). For this reason as well, the undersigned

5  finds that plaintiff's speech as alleged in the complaint is not

6  protected by the First Amendment.

7       Accordingly, the District defendants are entitled to

8  qualified immunity on plaintiff's First Amendment claims.  The

9  undersigned therefore will recommend that defendants' motions to

10 dismiss be granted.

11      Plaintiff's substantive due process claim also must be

12 dismissed.  As set forth above, the allegations of the amended

13 complaint, like the allegations in plaintiff's other actions, boil

14 down to the assertion that plaintiff is being retaliated against for

15 speaking out against perceived inequities within District schools.

16 As such, plaintiff's claims must be addressed under the First

17 Amendment, not substantive due process.  This is because "[w]here a

18 particular Amendment 'provides an explicit textual source of

19 constitutional protection' against a particular sort of government

20 behavior, 'that Amendment, not the more generalized notion of

21 "substantive due process," must be the guide for analyzing these

22 claims.'" Albright v. Oliver, 510 U.S. 266, 273 (1994) (quoting

23 Graham v. Connor, 490 U.S. 386, 395 (1989)).  As just discussed, the

24 District defendants are entitled to qualified immunity on plaintiff's

25 First Amendment claims.  Therefore, defendants' motion to dismiss

26 must be granted with respect to plaintiff's substantive due process

1   claim for this reason as well.

2       For the reasons set forth above, plaintiff's amended
3   complaint is fatally deficient.  Moreover, the arguments presented by
4   plaintiff in the motions pending before the court are frivolous.
5   Finally, whatever his intentions, through the numerous lawsuits filed
6   in this court involving either essentially the same subject or
7   plaintiff's displeasure with the results obtained in prior litigation
8   with respect thereto, plaintiff has engaged in conduct that has
9   harassed the named defendants.  For all these reasons, it appears
10  clear that plaintiff cannot cure the defects in his amended
11  complaint.  Granting leave to amend under these circumstances would
12  be futile.  See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th
13  Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729,
14  738 (9th Cir. 1987); see also Lopez v. Smith, 203 F.3d 1122, 1127 n.8
15  (9th Cir. 2000) ("When a case may be classified as frivolous or
16  malicious, there is, by definition, no merit to the underlying action
17  and so no reason to grant leave to amend.")  Accordingly, the
18  undersigned will recommend that this action be dismissed with
19  prejudice.

20      **II.  Plaintiff's Motions for Summary Judgment and Re Contempt**

21      Plaintiff's perfunctory motion for summary judgment is
22  based on the unsupported assertion that defendants Judge Shubb and
23  Judge Nowinski "lied" in connection with plaintiff's earlier action
24  so as to "deny him access to a jury trial."  (Doc. no. 10 at 2.)
25  Plaintiff also offers that "[d]efendants' motion to dismiss is a
26  sham."  (Id.)

1   Plaintiff's equally perfunctory and unsupported motion re

2   contempt, in turn, seeks an order holding Assistant United States

3   Attorney Bobbie J. Montoya in contempt for "lying on behalf of

4   defendants Shubb and Nowinski."  (Doc. no. 29 at 1.)  Ms. Montoya is

5   counsel of record for the defendant judges.

6   The baseless and harassing content of plaintiff's motions

7   for summary judgment and re contempt speaks for itself.[5]  The

8   undersigned therefore will recommend that those motions be denied.

9   **III.  Defendants' Vexatious Litigant Motion**

10   While plaintiff has demonstrated a pattern of harassing

11   defendants and others with his numerous actions initiated in this

12   court, the undersigned will recommend against the extreme remedy of

13   imposing a pre-filing order at this time.  See De Long v. Hennessey,

14   912 F.2d 1144, 1146-47 (9th Cir. 1990) ("Keeping in mind the

15   particular caution with which such orders should be issued, we remand

16   this case to the district court to apply the guidelines we set forth

17   below before ordering pre-filing restrictions."); Wood v. Santa

18   Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1523-26 (9th Cir.

19   1993).  Therefore, the court will recommend that defendants' motion

20   for an order declaring plaintiff a vexatious litigant be denied

21   without prejudice to renewal in the event plaintiff were to continue

22   to engage in such abusive conduct.

23   /////

24   /////

25

26   [5] See fn. 4, infra.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (Doc. nos. 6, 11 & 14) be granted;

2. Plaintiff's motions for summary judgment and re contempt (Doc. nos. 10 & 29) be denied;

3. Defendants' motion to have plaintiff declared a vexatious litigant (Doc. no. 23) be denied; and

4. Plaintiff's amended complaint be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 31, 2005.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
DDad1\orders.prose\spitta10749.f&r.dism

12