UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GEORGE SPITTAL,

        Plaintiff,

   v.

WILLIAM B. SHUBB, et al.

        Defendants.

NO. CIV. S-05-749 FCD DAD PS

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiff's motion for reconsideration, pursuant to Federal Rule of Civil Procedure 60(b), of this court's November 28, 2005 order, adopting the magistrate judge's findings and recommendations, filed November 2, 2005 ("F&R").[1]  Said F&R (1) granted defendants' motions to dismiss, (2) denied plaintiff's motion for summary judgment, (3) denied plaintiff's motion re: contempt, and (4) denied defendants' motion to declare plaintiff a vexatious litigant.

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. L.R. 78-230(h).

1

With respect to the motions to dismiss, the magistrate judge granted defendants United States District Judge William Shubb and United States Magistrate Judge Peter Nowinski's motion, finding them "absolutely immune from suit" (F&R at 6:14), and granted the School District defendants' motion, finding them entitled to qualified immunity (Id. at 6:21).  In granting these motions, the magistrate judge summarily denied plaintiff's "perfunctory motion for summary judgment" wherein plaintiff simply made the "unsupported assertion" that defendants Judge Shubb and Judge Nowinski "'lied' in connection with plaintiff's earlier action so as to 'deny him access to a jury trial.'" (Id. at 10:21-24.)  The magistrate judge likewise denied plaintiff's motion re: contempt as "perfunctory and unsupported." (Id. at 11:1.)  In that motion, plaintiff sought an order holding Assistant United States Attorney Bobbie Montoya in contempt for "'lying on behalf of defendants Shubb and Nowinski.'" (Id. at 11:3-4.)

Plaintiff now moves under Rule 60(b) for relief from judgment entered pursuant to the court's November 28 order. However, as with his prior motions, plaintiff offers nothing but "baseless and harassing" accusations which do not merit analysis at all, let alone meet the standard for relief under Rule 60(b).[2] (Id. at 11:6.)  Indeed, plaintiff rests his motion on the bald and outrageous accusation that the "Damrell/Drozd finding is a

---

[2] Absent "highly unusual circumstances," reconsideration of a final judgment is appropriate only where (1) the court is presented with newly-discovered evidence, (2) the court committed "clear error or the initial decision was manifestly unjust," or (3) there is an intervening change in the controlling law. School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).

1  racist lie-a sick terrorist tactic.  Therefor, the Court's Order
2  should be vacated. . . . Sick Judges should be removed from [the]
3  Bench and Liars are Sick!"  (Pl.'s Rule 60(b) Mot., filed Dec. 5,
4  2005.)  That plaintiff's motion lacks any merit whatsoever is
5  self-evident.  Plaintiff's motion is DENIED.
6      In a seeming related motion/request, plaintiff asks the
7  court to "Hold J. Telford, M. Pott and Drozd in Contempt for
8  lying to [the] Court."  (Pl.'s Mot., filed Dec. 19, 2005.)  Like
9  his Rule 60(b) motion, this motion is utterly without merit,
10 based again on unsupported and harassing accusations.  (Id. at 1
11 [seeking an order "Declar[ing] Racist/Nazi Lying Techniques of
12 Drozd Used to Misstate Spittal's Speech On Care of Disabled
13 Blacks To Be of No Public Interest For it Was Only a Personal
14 Dispute Unconstitutional"]).
15     Thus, for the foregoing reasons, plaintiff's Rule 60(b)
16 motion (Docket #49) and his further motion re: contempt (Docket
17 #52) are HEREBY DENIED.
18     Plaintiff is cautioned that while the court did not
19 previously declare him a vexatious litigant, that issue was
20 specifically reserved by the court for renewal by defendants
21 should plaintiff "continue to engage in such abusive conduct."
22 (F&R at 11:21-22.)  If further filings are made of the same
23 nature as those discussed herein, it appears that a declaration
24 of vexatious litigant may be necessary and warranted to prevent
25 abuse to the defendants and a waste of this court's judicial
26 resources.
27 ///
28 ///

IT IS SO ORDERED.

DATED: January 24, 2006

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE